IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | CRIMINAL NO. 11-0096-WS |
|  | ) |  |
| ANTONE J. SMITH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

ORDER

This matter is before the Court on the defendant's motion to conduct all proceedings in Selma. (Doc. 18). The government has filed a response, (Doc. 26), and the motion is ripe for resolution.

"The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. The defendant invokes Rule 18. The parties agree that the offense conduct occurred in Selma, within the Northern Division. (Doc. 18 at 1; Doc. 26 at 1).

The defendant notes that he is not in custody and is living in Selma. (Doc. 10). The government concedes that the convenience of the defendant weighs in favor of a Selma trial. (Doc. 26 at 3).

The defendant is charged with possession with intent to distribute various controlled substances. (Doc. 1). Neither the defendant nor the government identifies any victim whose convenience must be considered.

The defendant states that all his witnesses reside in Dallas County. The government complains that the defendant has not identified his witnesses and concludes that the Court must assume he has none. (Doc. 26 at 3-4). The government does not suggest that any witnesses the defendant would want to call would come from outside Dallas County. Given that the case involves a one-time drug bust of a Selma resident, it

[1]

appears unlikely that potential defense witnesses, if any, would predominantly come from outside the Northern Division.

The defendant states that most if not all of the government's witnesses reside in Dallas County. The government confirms that its witnesses are multiple members of the Selma Police Department, employees at a Selma store where incriminating video was taken, and a forensic toxicologist. (Doc. 26 at 4). Thus, most if not all of the government's witnesses are in the Northern Division.

The government, citing *Dupoint v. United States*, 388 F.2d 39 (5th Cir. 1967), argues that this convenient grouping of its witnesses in the Northern Division is irrelevant because the Court cannot consider the government's convenience in determining a Rule 18 motion. (Doc. 26 at 4). What the *Dupoint* Court actually said is that the convenience of the government does not justify trying a defendant in a division other than the one in which the offense was committed. 388 F.2d at 44; *accord United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) (construing *Dupoint*). Applied here, *Dupoint* precludes a Mobile trial based on the convenience of the government; it does not preclude a Selma trial based in part on the convenience of the government's witnesses. The *Dupoint* Court did not equate the convenience of the government's witnesses with the convenience of the government[1] or state that the location of the government's witnesses within the division in which the offense occurred is irrelevant to Rule 18 analysis.

It could not easily have done so. By its terms, Rule 18 requires the Court to consider the convenience of "the witnesses," not merely "the defendant's witnesses," and the Eleventh Circuit has so applied the rule. *See United States v. Burns*, 662 F.2d 1378, 1380, 1382 (11th Cir. 1981) (evaluation of the convenience of the witnesses required the Court to consider that 22 of 24 witnesses lived in the Huntsville area; this counting

---

[1] The *Dupoint* Court did not address the convenience of government witnesses at all; the convenience to the government in that case was the lack of a legal jury panel in the division where the crime occurred and the existence of a legal jury panel in a more distant division. 388 F. 2d at 41-43.

necessarily included prosecution witnesses, since "all" of the defense witnesses lived in Huntsville); *see also United States v. Lipscomb*, 299 F.3d 303, 340-41 (5th Cir. 2002) (sua sponte transfer under Rule 18 was improper when it was inconvenient for the defendant, his lawyer "and all witnesses").[2]

The prompt administration of justice includes the timely disposition of the instant case and of other cases, as well as matters of security. *United States v. Merrill*, 513 F.3d 1293, 1304 (11th Cir. 2008). This case is set for trial in August 2011. (Doc. 27). "Given that it takes approximately seven weeks to constitute a jury venire in the Northern Division, there is no reason to believe that the trial setting will be meaningfully delayed to enable assembly of a jury venire in the Northern Division." *United States v. Mason*, 2009 WL 1077711 at *2 (S.D. Ala. 2011). The government's ipse dixit to the contrary, (Doc. 26 at 5), is rejected as unsupported by reasoning or experience.

The government concedes this is likely a one- or two-day case. (Doc. 26 at 4). Thus, as in *Mason*, "the trial in this action should be brief, such that any disruption to court business in Mobile wrought by dispatching court and security personnel to Selma for trial should be minimal." 2009 WL 1077711 at *2.

As noted in *Mason*, safety concerns at the Selma courthouse may arise when there are multiple in-custody defendants and/or witnesses. 2009 WL 1077711 at *2. Here as in *Mason*, the defendant is not in custody and the government has identified no in-custody witnesses, so these safety concerns are absent. The government suggests that other safety concerns are present, (Doc. 26 at 6-7), but they have not been shown to exist

---

[2] The 1966 advisory committee notes call for courts to give due regard to the convenience "of the defendant and his witnesses." The government does not note this restrictive language or explain how it could trump either the more expansive language of the rule itself or the Eleventh Circuit's application of it.

and to be sufficiently significant to justify trying this case in Mobile over the defendant's timely objection.[3]

The government proposes that the Court consider "judicial economy" in addition to the factors articulated in Rule 18, and it proposes that judicial economy be defined as the elimination of travel expense to the Court, the prosecutor and support personnel. (Doc. 26 at 5). The government offers no authority standing for the proposition that the Court can supplement the Rule 18 list with factors of its own choosing or for the proposition that judicial economy as defined by the government would be a relevant factor were such judicial superimposition permissible. On the contrary, the Eleventh Circuit in *Burns* made clear that the mere efficiency of routinely setting all Northern District criminal cases in Birmingham cannot override the contrary pull of the Rule 18 factors. 662 F.2d at 1383.

"[T]his Court remains favorably disposed to the prospect of conducting trials of Northern Division criminal actions in Selma, provided that safety, speedy trial, and other logistical and administrative considerations do not militate otherwise." *Mason*, 2009 WL 1077711 at *2. This is one of those cases. For the reasons set forth above, the defendant's motion to conduct trial (including jury selection) in Selma is **granted**. To the extent the defendant moves to conduct pretrial proceedings in Selma, the motion is **denied**.

DONE and ORDERED this 9th day of June, 2011.

             s/ WILLIAM H. STEELE
             CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Due to its safety argument, the government filed its brief in opposition under seal. The government is **ordered** to file a redacted version of its brief on or before **June 17, 2011**.